**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4180**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES FELIX GREGG, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:24-cr-00203-TDS-1)

Submitted:  October 30, 2025                         Decided:  November 4, 2025

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, Jacob Darriel Pryor, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Felix Gregg, Jr., pleaded guilty, without a plea agreement, to conspiracy to distribute 500 grams or more of methamphetamine and 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 846.  The district court sentenced Gregg to 228 months' imprisonment, well below his advisory Sentencing Guidelines range of 324 to 405 months' imprisonment.  On appeal, Gregg's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Gregg's guilty plea was knowing and voluntary.  For the reasons stated below, we affirm.

Before accepting a guilty plea, the district court must conduct a plea colloquy during which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, the minimum and maximum penalties he faces, and the rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).  Relaying this information ensures that the defendant's plea is knowing.  The district court also must make certain that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

Because Gregg did not attempt to withdraw his guilty plea or otherwise challenge the knowing and voluntary nature thereof in the district court, we review the district court's acceptance of Gregg's guilty plea for plain error only.  *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).  "Under the plain error standard, [we] will correct an unpreserved

2

error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). Our review of the record leads us to conclude that the district court conducted a thorough Rule 11 colloquy and that Gregg's plea was knowing, voluntary, and supported by an independent factual basis.[*] Gregg is thus not entitled to relief from his guilty plea.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm the district court's judgment. This court requires that counsel inform Gregg, in writing, of the right to petition the Supreme Court of the United States for further review. If Gregg requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gregg.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] The district court made one omission during the plea colloquy: it did not explain its obligation at sentencing to consider possible departures under the Guidelines. *See* Fed. R. Crim. P. 11(b)(1)(M). But that omission did not affect Gregg's substantial rights given that (1) the district court otherwise fully explained the sentencing process and (2) the district court did not depart from the Guidelines here. *See United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (explaining when Rule 11 error affects substantial rights).

3